## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## WESTERN DIVISION

**MARTIN KEARBY SWOFFORD, JR.**                                              **PLAINTIFF**

**V.**                            **CIVIL ACTION NO. 5:16-CV-20-KS-MTP**

**UNITED STATES OF AMERICA** *et al.*                                  **DEFENDANTS**

### MEMORANDUM OPINION AND ORDER

For the reasons below, the Court **grants in part** Defendants' Motion to Dismiss [18] for lack of subject matter jurisdiction. All of Plaintiff's claims are dismissed, except for his FOIA claim against the United States Department of Justice.

### I. BACKGROUND

Plaintiff sued the United States of America and a variety of its agencies – the General Services Administration, Office of Personnel Management, Justice Department, United States Marshal's Service, and Internal Revenue Service. The legal basis and purpose of his suit is unclear. His Complaint [1] contains no citation to a particular law, theory of liability, or demand for relief.

Plaintiff apparently claims that a private party under contract with the General Services Administration stole his salary, which caused him to take on credit card debt, which caused him to be fired from his job as a security guard at the federal courthouse in Natchez, Mississippi. He claims that the various government agencies named as Defendants engaged in a criminal conspiracy that caused him to accrue credit card debt, lose his job, and accrue an incorrect amount of federal income tax liability. Defendants filed a Motion to Dismiss [18], which the Court now addresses.

## II. DISCUSSION

Each Defendant is an agency of the United States government. Defendants argue that they enjoy sovereign immunity against Plaintiff's claims, and, therefore, that this case should be dismissed for lack of subject matter jurisdiction. "[S]overeign immunity is jurisdictional in nature . . . ," *St. Tammany Parish v. FEMA*, 556 F.3d 307, 316 (5th Cir. 2009), and "[f]ederal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994). Accordingly, "[a] case is properly dismissed for lack of subject matter jurisdiction . . . ." *Smith v. Reg'l Transit Auth.*, 756 F.3d 340, 347 (5th Cir. 2014). "[T]he burden of establishing [jurisdiction] rests upon the party asserting jurisdiction." *Kokkonen*, 511 U.S. at 377.; *see also Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

"A rule 12(b)(1) motion should be granted only if it appears certain that the plaintiff cannot prove a plausible set of facts that establish subject matter jurisdiction." *Davis v. United States*, 597 F.3d 646, 649 (5th Cir. 2009). A district court may dismiss a suit for lack of subject matter jurisdiction based on: "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981). Here, the Court elects to only consider the pleadings and undisputed facts evidenced in the record. Accordingly, it must "consider the allegations in the plaintiff's complaint as true."

*Spotts v. United States*, 613 F.3d 559, 566 (5th Cir. 2010).

"The basic rule of federal sovereign immunity is that the United States cannot be sued at all without the consent of Congress. Because sovereign immunity is jurisdictional in nature, Congress's waiver of it must be unequivocally expressed in statutory text and will not be implied." *St. Tammany Parish*, 556 F.3d at 316. "Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *FDIC v. Meyer*, 510 U.S. 471, 475, 114 S. Ct. 996, 127 L. Ed. 2d 308 (1994). Plaintiff, as the party who filed this action, bears the burden of establishing jurisdiction, *Kokkonen*, 511 U.S. at 377, and he also "bears the burden of showing Congress's unequivocal waiver of sovereign immunity." *St. Tammany Parish v. Fema*, 556 F.3d 307, 315 (5th Cir. 2009).

Plaintiff made no attempt in his Complaint [1], his Response [20] to Defendants' motion, or the various letters he sent after the Response [21, 22, 23] to demonstrate that Congress waived Defendants' sovereign immunity with respect to his claims. Likewise, he did not articulate any basis for this Court's jurisdiction. He did not cite the Federal Tort Claims Act or assert any tort theory under state law that would permit him to proceed thereunder. *See Smart v. Holder*, 368 F. App'x 591, 593 (5th Cir. 2010). In fact, his Complaint [1] and briefing on the present motion [20] contain a variety of factual allegations without any corresponding cause of action, theory of liability, or demand for relief – with a single exception addressed below.

Therefore, the Court concludes that Plaintiff has not carried his burden of demonstrating that Congress unequivocally waived its sovereign immunity with

respect to most of the claims he asserted in this case. Accordingly, this Court lacks subject matter jurisdiction, and most of the case must be dismissed.

However, Plaintiff mentioned in his Response [20] to Defendants' Motion to Dismiss [18] that he is "suing the United States Justice Department because [he believes] they violated federal law when they denied two Freedom of Information Requests." Defendant did not address this claim in its Motion to Dismiss [18] or apply the sovereign immunity argument to it. Of course, Defendant could not have done so insofar as Plaintiff's Complaint [1] includes no mention of the Freedom of Information Act ("FOIA"). Regardless, the Court must "permissively" construe a pro se litigant's pleadings and briefs. *SEC v. AMX, Int'l*, 7 F.3d 71, 75 (5th Cir. 1993). In an abundance of caution, the Court presently declines to dismiss Plaintiff's FOIA claim against the Department of Justice. But Defendant is free to file another motion to dismiss, as it deems appropriate.

### III. CONCLUSION

For these reasons, the Court **grants in part** Defendants' Motion to Dismiss [18] for lack of subject matter jurisdiction. All of Plaintiff's claims are dismissed, except for his FOIA claim against the United States Department of Justice.

SO ORDERED AND ADJUDGED, on this, the 9th day of December, 2016.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE